UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER,
    Plaintiff,

    v.                                                  Case No. 21-C-405

DAN CROMWELL and
JOHN DOES,
    Defendants.

## DECISION AND ORDER

On August 5, 2021, I deferred ruling on the defendants' motion for summary judgment (ECF No. 8) pending an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). ECF No. 20. I conducted the hearing on October 19, 2021. ECF No. 28. I conclude the evidence shows the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit. I will therefore dismiss this case without prejudice and will deny as moot all pending motions.

### I. BACKGROUND

The plaintiff seeks to proceed on a claim that prison officials subjected him to high temperatures and poor ventilation. ECF No. 20 at 2. In the previous order, I found that the plaintiff submitted an inmate complaint about this issue, but that complaint was returned to him because he did not first attempt to resolve the issue informally with prison staff. *Id.* at 2–3. An inmate complaint examiner (ICE) told the plaintiff to contact Captain Keller about this issue and resubmit the corrected complaint within ten days. *Id.* The plaintiff eventually resubmitted the complaint but not within the ten-day deadline. *Id.*

In his declaration opposing the defendants' motion for summary judgment, the plaintiff stated he "filed his ICE on or about July 26 2019 which was a Friday." ECF No. 17, ¶ 8. He speculated that the ICE intentionally delayed processing his complaint until after the deadline had elapsed to cover-up the prison's wrongful conduct. ECF No. 20 at 4–5. He alternatively contended that he had good cause for resubmitting his complaint late because the Warden locked down his housing unit from July 16 to 19, 2019, rendering administrative complaint procedures unavailable. *Id.* at 4.

I ordered an evidentiary hearing "to determine whether the plaintiff timely corrected and resubmitted his complaint about the high heat and lack of ventilation within the ten-day deadline to do so." *Id.* at 13.

## II. SUMMARY OF TESTIMONY

The defendants called Nathan Beier, who is an ICE at Redgranite Correctional Institution, where the plaintiff is incarcerated. Beier received the plaintiff's inmate complaints related to the claims in this lawsuit and returned them because they did not follow Wisconsin administrative rules. Beier confirmed he received the plaintiff's July 16, 2019 complaint about the heat and not being allowed to open doors for ventilation. ECF No. 29 at 5. On July 18, 2019, he returned the complaint with a return letter informing the plaintiff that the return is not a rejection and that "Warden Meisner did not suspend Wisconsin Administrative Code DOC 310 during the temporary lock down of E unit." *Id.* at 6. Beier instructs the plaintiff that he must contact Captain Keller "to attempt to resolve your issue by utilizing the chain of command." *Id.* He instructs the plaintiff to resubmit his complaint if he is dissatisfied with Keller's response or if he does not receive one. *Id.* The letter tells the plaintiff to correct and resubmit his complaint within ten days—by July 28,

2019. *Id.* Beier testified that under Wis. Admin. Code § DOC 310.10(5), the ICE office had to *receive* the plaintiff's resubmitted complaint by that deadline. Beier testified that if July 28, 2019, was a Sunday, the plaintiff would have until the following Monday (July 29, 2019) for the ICE office to receive the corrected complaint.

Beier did not receive the plaintiff's resubmitted complaint until August 1, 2019. He testified that the resubmitted complaint was a copy of the returned complaint with a note written in blue ink that says, "Wrote Capt Keller on 7/24/19 NO reply." ECF No. 29 at 8. The resubmitted complaint does not contain a submission date and lists only the original submission date of July 16, 2019. *Id.* The next day, August 2, 2019, Beier sent the plaintiff another return letter informing the plaintiff that the ICE office did not accept the complaint because he resubmitted it beyond the ten-day deadline to do so. *Id.* at 9. The letter notes that the plaintiff "provided no reasoning or request for a late acceptance." *Id.*

The defendants provided Beier's timesheet showing he worked on Friday, July 26, 2019, and every day the week of Monday, July 29 through Friday, August 2, 2019. *Id.* at 11–12. The defendants also provided a form showing the plaintiff was in general population from March 14, 2018, until July 12, 2021. *Id.* at 13. Beier testified that inmates in general population must drop off complaints in boxes assigned to each unit. He testified that he personally picks up the complaints from each box three to five times per week and processes them in the inmate complaint review system the same day he picks them up. The defendants provided a DOC document showing that eleven inmate complaints were processed at Redgranite from July 26–31, 2019, at least one each of those weekdays. *Id.* at 10. Beier testified that he would have personally picked up and scanned into the system the complaints placed in the box each day that week. He testified that because the

plaintiff's resubmitted complaint was not scanned into the system until August 1, 2019, the plaintiff must not have placed it in the box until late on July 31 or on August 1, 2019. Beier testified that he did not purposefully delay entry of the plaintiff's resubmitted complaint into the inmate complaint review system.

On cross-examination, Beier testified that if he did not receive the plaintiff's resubmitted complaint, the plaintiff did not file it. He testified that he would not have allowed a complaint to sit unprocessed on his desk or to go missing. The plaintiff questioned Beier about the Warden's memorandum dated July 16, 2019, stating that administrative rules were suspended pending further notice. *See* ECF No. 18-1 at 4. Beier stated that, to the best of his knowledge, the Warden did not suspend administrative code DOC 310, which pertains to inmate complaints. He testified that the suspension applied only to rules governing what the prison must provide to inmates, such as time out of their cells. He testified it was his understanding that deadlines for letters or complaints were not suspended, and the administrative complaint process remained available to inmates. On redirect examination, Beier again pointed to the July 18, 2019 return letter as evidence that the Warden did not suspend administrative code DOC 310 during the temporary lockdown. ECF No. 29 at 6. He testified that he may have spoken to the Warden to inform his belief that administrative code DOC 310 remained available to inmates.

The plaintiff testified that he filed three complaints in mid-July 2019—two on July 16 and one on July 17. He says none of these complaints was accepted for filing, and Beier returned all three to him. He maintains that the temporary lockdown provided good cause to excuse his late complaint. The plaintiff did not testify that he resubmitted his corrected complaint on July 26, 2019, or any other date, nor did he provide any exhibits.

## III. FACTUAL FINDINGS AND ANALYSIS

The plaintiff presses the same two arguments why he should be excused from not exhausting his administrative remedies. He first maintains that he timely resubmitted his inmate complaint about the heat and ventilation on July 26, 2019, but the ICE did not receive it until August 1, 2019. The court held the evidentiary hearing to address this question. The plaintiff's second argument is that, even if he untimely resubmitted his complaint, his late filing should be excused because the administrative complaint procedures were suspended for a few days in July 2019. Both these arguments fail.

Regarding the first argument, I previously determined that the evidence showed a genuine issue of fact on this issue. ECF No. 20 at 10. The evidence presented at the hearing, however, shows there is no dispute. Beier testified that he worked at the prison on Friday, July 26, 2019, and Monday, July 29 through Friday, August 2, 2019. The defendants submitted his timesheet confirming his workdays. Beier regularly picked up inmate complaints from the complaint boxes three to five times per week and entered them into the inmate complaint review system the same day. If the plaintiff placed his complaint in the box on July 26, 2019, Beier would have processed the complaint either that day or the following Monday (July 29). Because Beier did not process the plaintiff's resubmitted complaint until August 1, 2019, the plaintiff must not have submitted it until either July 31 or August 1, 2019—both of which days were beyond the ten-day deadline to resubmit his corrected complaint. I find Beier's testimony credible. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011), and *Pavey*, 544 F.3d at 742) (explaining that "[a]t *Pavey* hearings, judges may hear evidence, find facts, and determine credibility").

The plaintiff did not testify that he resubmitted his corrected complaint on July 26, 2019, or any other date within the ten-day deadline. He asserted in his closing statement that inmate complaints often go missing. But he offered no testimony on that subject. It is nonetheless immaterial because he did not testify about when he resubmitted his complaint. The resubmitted complaint contains no resubmission date. It lists only the date he first submitted the complaint (July 16, 2019). Thus, there is *no evidence* that the plaintiff timely resubmitted his corrected complaint. Accordingly, I find that the plaintiff resubmitted his complaint on either July 31 or August 1, 2019, both of which were beyond the July 28, 2019 deadline.

I previously addressed the plaintiff's argument regarding the availability of the administrative complaint process during the prison lockdown. ECF No. 20 at 11–12. The evidence from the hearing supports my conclusion. The plaintiff testified that he filed three inmate complaints on July 16 and 17, 2019, while the prison was on lockdown, and received return letters for all three, including the complaint about the heat and lack of ventilation. It is undisputed Beier sent the plaintiff the return letter for that complaint on July 18, 2019—also during the lockdown—and that, in such letter, Beier specifically informed the plaintiff that the warden had not suspended the administrative rules governing the inmate complaint review system. The defendants' evidence in support of their motion for summary judgment, bolstered by both Beier's and the plaintiff's testimony, contradict the plaintiff's assertion that administrative remedies were suspended and unavailable to him in July 2019. Even if he were correct, as previously explained, the plaintiff still would have been required to try to exhaust (which he did) even if he believed doing so would be futile. *Id.* at 11 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001);

*Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 536–37 (7th Cir. 1999); and *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)).

## IV. CONCLUSION

There is no evidence supporting the plaintiff's assertion that he timely resubmitted his corrected inmate complaint about the heat and lack of ventilation. The plaintiff did not even testify that he resubmitted his corrected complaint on or around July 26, 2019. Nor is there any evidence that administrative procedures were suspended and unavailable to the plaintiff from July 16 to 19, 2019. The evidence shows the plaintiff did not timely resubmit his corrected complaint and has no good cause for his failure to do so. He therefore failed to exhaust his administrative remedies before bringing this lawsuit, which I will dismiss without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

**THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 8) is **GRANTED**. The plaintiff's claim based on the high heat and lack of ventilation is **DISMISSED WITHOUT PREJUDICE**. As the court has already dismissed the plaintiffs' other claims, the clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (ECF No. 23), and the plaintiff's motions to amend or correct party names (ECF No. 25) and to strike (ECF No. 27) are **DENIED as moot**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and

7
Case 2:21-cv-00405-LA   Filed 10/21/21   Page 7 of 8   Document 30

shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 21st day of October, 2021.

s/Lynn Adelman_____  
LYNN ADELMAN  
United States District Judge

8
Case 2:21-cv-00405-LA   Filed 10/21/21   Page 8 of 8   Document 30