# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. LEISER,
        Plaintiff,

    v.                                       Case No. 21-C-405

DAN CROMWELL and
JOHN DOES,
        Defendants.

---

## ORDER

On October 21, 2021, after holding a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), I granted the defendants' motion for summary judgment, entered judgment in favor of the defendants, and dismissed this case. ECF Nos. 30 & 31. The plaintiff moves for relief from the judgment under Fed. R. Civ. P. 60(b). ECF No. 32.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for several reasons, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6). Granting relief under Rule 60 "is limited to 'extraordinary situations' where the judgment is not merely the result of an error of law." *Sease v. Darko*, 795 F. App'x 454, 458 (7th Cir. 2019) (quoting *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018)). The moving party must demonstrate "exceptional circumstances" warranting relief. *Rodriguez v. Plymouth Ambulance Serv.*, No. 06-C-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006), and *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

None of the plaintiff's assertions provide an exceptional circumstance warranting relief from the judgment. The plaintiff asserts I wrongly granted the defendants' motion for summary judgment based on the testimony presented at the hearing rather than on documentary evidence presented earlier in the briefing on the motion. The plaintiff insists the defendants "offered zero proof to dispute the written memo [sic] signed by the warden," which was presented prior to the hearing. ECF No. 32 at 2. I rejected the plaintiff's assertions about the warden's memorandum in the first order on the defendants' motion. ECF No. 20 at 11. And as I noted in the order after the *Pavey* hearing, I credited the witnesses' testimony explaining the warden's memorandum, and the plaintiff did not testify or present evidence disputing that testimony. ECF No. 30 at 5–6 (citing *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (explaining that "[a]t *Pavey* hearings, judges may hear evidence, find facts, and determine credibility"). The plaintiff's disagreement with my factual findings is not an "extraordinary situation" entitling him to relief from the judgment; it is the basis for an appeal. *See Sease*, 795 F. App'x at 458 (quoting *Kennedy*, 893 F.3d at 420 (explaining that "arguments that the court 'misinterpreted the evidence that was presented' cannot provide Rule 60(b) relief").

The plaintiff also asserts that the defendants' witness lied in his testimony. But in support he offers only his say so without proof. The Court of Appeals for the Seventh Circuit has "set a high bar for what constitutes fraud on the court under Rule 60(d)(3)." *Kennedy*, 893 F.3d at 420. A party's misrepresentation in court "'is not a fraud on the liar's opponent if the opponent knows it's a lie yet fails to point this out to the court.'" *Id.* (quoting *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997)). The plaintiff had the opportunity to testify at the *Pavey* hearing and contest

the defendants' evidence and their witness's testimony but chose not to do so. His failure to take advantage of that opportunity is not an "exceptional circumstance" warranting relief under Rule 60(b)(3).

The plaintiff reasserts that the administrative complaint process was unavailable to him during the lockdown at his prison. I addressed this argument in my two previous orders on the defendants' motion. ECF No. 30 at 6–7 (citing ECF No. 20 at 11–12). I will not address it for a third time. As noted, his disagreement with my legal conclusions is the basis for an appeal, not relief under Rule 60(b). *See Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1230 (7th Cir. 1983) ("[A] Rule 60(b) motion to vacate should not be treated as a substitute for an appeal.").

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for relief from judgment (ECF No. 32) is **DENIED**.

Dated at Milwaukee, Wisconsin this 29th day of November, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge
